IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BUFFY MADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0251-WS-N |
| | ) |
| CONNEXION TECHNOLOGIES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter was recently transferred to the undersigned's docket. Initial review of the docket sheet reveals that on June 18, 2012, plaintiff filed a Motion for Default Judgment (doc. 7) based on defendant's failure to appear or defend within the time allotted by the Federal Rules of Civil Procedure, following service of process.

The glaring defect in this Motion is that plaintiff's counsel acknowledges "that the Defendant has filed a voluntary Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Delaware." (Doc. 7, ¶ 6.)  Under the Bankruptcy Code's automatic stay mechanism, the filing of such a petition operates as a stay of "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title …."  11 U.S.C. § 362(a)(1).  Likewise, the statute flatly forbids "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."  *Id.* § 362(a)(6).  These unambiguous statutory provisions mean precisely what they say.  *See United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("A debtor who has filed for Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor …."); *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001) ("Virtually any act attempting to enforce a judgment against or obtain property from the estate of the debtor is stayed once the title 11 proceedings are commenced.").  What's more, actions taken in violation of the automatic stay are void and have no effect whatsoever.  *See, e.g., White*, 466

F.3d at 1244 ("It is the law of this Circuit that actions taken in violation of the automatic stay are void and without effect.") (citation and internal marks omitted); *Borg-Warner Acceptance Corp.*, 685 F.2d 1306, 1308 (11th Cir. 1982) (similar).  And attempts by a creditor to obtain a civil judgment against a debtor who has filed for bankruptcy protection may be grounds for sanctions unless the debtor first obtains relief from the automatic stay.  *See, e.g., Mann v. Chase Manhattan Mortg. Corp.*, 316 F.3d 1 (1st Cir. 2003) ("Of course, acts undertaken in violation of the automatic stay are not only void, … but may expose the violator to monetary sanctions as well."); *In re Stanton*, 303 F.3d 939, 941 (9th Cir. 2002) ("Violation of the automatic stay is a serious business, exposing the violator in some circumstances to punitive damages and sanctions for contempt.").

For all of these reasons, plaintiff's Motion for Default Judgment (doc. 7) is **denied** as manifestly improper and facially violative of the automatic stay.[1]  Moreover, because the record reflects that the Clerk's Entry of Default (doc. 5) was entered at plaintiff's behest sometime after defendant's bankruptcy proceedings commenced, that Clerk's Entry of Default is void on its face under *Borg-Warner* and its progeny.  Accordingly, the Clerk's Entry of Default must be, and hereby is, **vacated** at this time as violative of the automatic stay.

As a general matter, the automatic stay precludes further activity in this case at this time.  It is hereby **ordered** that this action is **stayed** in its entirety pending further order of the Court.  To keep the Court apprised as to these related proceedings, plaintiff is **ordered** to file, **on or**

---

[1] Plaintiff's explanation for pursuing default proceedings despite actual knowledge of defendant's ongoing bankruptcy case is that plaintiff "is not aware that Defendant has filed any suggestion of bankruptcy with this Court."  (Doc. 7, ¶ 6.)  However, the Court is aware of no authority – and plaintiff has provided none – holding that § 362 protection only extends to debtors who file suggestions of bankruptcy or take other affirmative steps to preserve their rights.  Imposing such a prerequisite would be antithetical to the <u>automatic</u> nature of the automatic stay.  That's the point:  A debtor need do precisely nothing in order to trigger the protections of § 362.  *See generally In re Weatherford*, 413 B.R. 273, 283 (Bankr. D.S.C. 2009) ("The automatic stay is broad in scope and its operation is automatic upon the filing of the petition."); *In re Webb Mtn, LLC*, 414 B.R. 308 (Bankr. E.D. Tenn. 2009) ("It is elementary that the automatic stay comes into existence automatically and immediately upon the filing of a petition in bankruptcy ….") (citations and internal marks omitted); *In re Meis-Nachtrab*, 190 B.R. 302, 306 (Bankr. N.D. Ohio 1995) ("When a debtor files a bankruptcy petition, an automatic stay immediately arises.") (citations omitted); *NLT Computer Services Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253, 1258 (6th Cir. 1985) ("[t]he stay provisions of section 362 are automatic and self-operating").

**before the twenty-fifth day of each month**, a written report reflecting the status of the Connexion Technologies bankruptcy matter, with the first such report to be due in **July 2012**. And plaintiff is further **ordered** to notify the Court in writing promptly upon learning of either the issuance of relief from the automatic stay or the dismissal or other cessation of the bankruptcy proceedings.

DONE and ORDERED this 20th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE